Kastner v. Texas Board of Law Examiners et al Doc. 2



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KRISTOFER THOMAS KASTNER** | § | |
| | § | |
| **V.** | § | **A-07-CA-086 SS** |
| | § | |
| **TEXAS BOARD OF LAW** | § | |
| **EXAMINERS ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* and Plaintiff's Original Complaint and Request for Declaratory Judgment (Clerk's Doc. No. 1). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Application to Proceed *In Forma Pauperis*

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status. However, before the Court orders that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant

Dockets.Justia.com

part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Plaintiff is a prospective attorney in the state of Texas. It appears that Plaintiff graduated from Lewis & Clark Law School in Portland, Oregon – he transferred there after a year at St. Mary's School of Law in San Antonio – and passed the Texas bar exam. However, in 1999 the Texas Board of Law Examiners (BLE), after a hearing, determined that Plaintiff did not have the requisite moral character to be licensed to practice law in Texas, and that he suffered from chemical dependency. BLE denied his application, but allowed Plaintiff to petition for admission again in July 2001; the Board further set conditions it expected Plaintiff to follow regarding law violations, the use of alcohol and drugs, and attending rehabilitation activities.

More than five years after having been originally denied, in 2005 Plaintiff reapplied for admission to the bar. BLE made a preliminary determination that Plaintiff still lacked the good moral character and suffered from chemical dependency because he had not complied with the so-called "curative measures" delineated by it.[1] A hearing on Plaintiff's admission was scheduled for August 2006. Given the amount of evidence and Plaintiff's failure to submit certain evidence timely, BLE's attorney asked for a continuance, which was granted. Plaintiff then asked for a continuance

---

[1] Plaintiff, in the intervening years, had been convicted of Obstructing a Peace Officer (in Mesa, CO), Driving While Ability Impaired, and Driving while Intoxicated (in Harris County, TX).

of his own, which was also granted. In the meantime, Plaintiff, no doubt seeing the writing on the proverbial wall, filed this federal lawsuit.

Plaintiff alleges a number of federal constitutional violations in his suit. He claims that the rules regulating admission to the state bar violate the Full Faith and Credit Clause of the Constitution (Article IV, section 1) and 28 U.S.C. § 1738 (which codifies that constitutional principle). He further claims that his substantive and procedural due process rights are violated by the rules, and makes what appear to be a number of generalized complaints about the BLE's decision to deny his application (e.g., "Conclusion of Law number one in the 2000 Board order is not correct").[2]

The *Rooker-Feldman* doctrine precludes jurisdiction by this Court over Plaintiff's complaint. The *Rooker-Feldman* doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Riley v. La. State Bar Ass'n*, No. 06-30695, Slip Copy, 2007 WL 178108, *2-3 (5 th Cir. Jan. 19, 2007); *see also Liedtke v. State Bar of Tex*., 18 F.3d 315, 317 (5th Cir. 1994). The doctrine gets its name from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In short, the doctrine provides that state courts should resolve constitutional questions arising from state proceedings. "If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id*. (citing *Rooker* and *Feldman* ). "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). Similarly, a federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the

[2] Plaintiff also complains of a number of Texas state constitutional violations.

*Rooker-Feldman* doctrine by casting a complaint as a civil rights violation. *Liedtke*, 18 F.3d at 317 Finally, *Rooker-Feldman* bars federal claims which, while not identical to, are "inextricably intertwined" with state court judgments. *Id*. at 318.

The appropriate remedy for Plaintiff, if his application is indeed denied again by BLE (something that will be determined at his upcoming hearing), is for Plaintiff to appeal any adverse decision based on a lack of fitness to the Travis County District Court within 60 days. TEX. R. GOVERNING BAR ADMISSION XV(k) ("The affected Applicant or Declarant shall institute, in the district courts of Travis County, Texas proceedings for review of such decision within sixty (60) days after the date the written decision is mailed to the Applicant"); *see also Bd. of Law Examiners of State of Tex. v. Coulson*, 48 S.W.3d 841, 844 (Tex. App. – Austin, 2001) (rev. denied), and then to appeal from there to the higher courts of appeals of Texas if he so chooses.

Therefore, there are two bases on which to reject Plaintiff's Complaint as frivolous. Not only does the *Rooker-Feldman* doctrine preclude a review of a state court decision – no matter if Plaintiff tries to dress it up in constitutional clothing – but there has also quite obviously been no final decision yet from BLE. And if BLE makes an adverse decision, Plaintiff must proceed in state court. *See Riley*, 2007 WL 178108 at *2-3 (5th Cir. 2007).

## III. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of jurisdiction.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of February, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE